UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR SHIEF                                                         CIVIL ACTION

VERSUS                                                                   NO. 14-1324

NEW ORLEANS POLICE DEPARTMENT                       SECTION "J"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED** for lack of subject matter jurisdiction.[1]

### I. *Procedural history*

Petitioner, Arthur Shief, is a former Louisiana inmate currently residing in New Orleans, Louisiana.  In November 1989, Shief was charged by bill of information in Orleans Parish with

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

one count of forcible rape of a juvenile and a second count of attempted forcible rape as to a different juvenile victim.[2] On April 18, 1990, a jury found him guilty of simple rape with regard to count one and not guilty as to count two.[3] On August 3, 1990, the trial court sentenced him to fifteen (15) years imprisonment.[4] Shief's conviction and sentence were affirmed on appeal and he sought no additional review.[5]

On November 3, 1997, he was released from incarceration on "good time" parole supervision after serving a portion of his sentence.[6] His parole was ultimately revoked, however, on September 17, 2001.[7] He was remanded to custody to serve the remainder of his sentence with a full-term release date projected for January 20, 2009.

In April 2005, Shief filed a federal application for *habeas corpus* relief in this Court challenging his parole revocation. In that application, he argued that his arrest for the parole revocation was unlawful, his department of corrections file was augmented with falsified

---

[2] State Rec., Vol. 1 of 3, Bill of Information (11/30/89), Case No. 339-499.

[3] *Id.*, Minute entry of April 18, 1990 and Jury verdicts.

[4] State Rec., Vol. 1 of 3, Minute entry of August 3, 1990; *see also* State Rec., Vol. 2, Transcript of sentencing, 8/3/90.

[5] State Rec., Vol. 2, *State v. Shief*, 90-KA-1822 (La. App. 4th Cir. 1992), 601 So.2d 392 (table).

[6] Rec. Doc. No. 1, Petition, p. 19; *see also Shief v. Orleans Probation and Parole, et al.*, Civil Action No. 05-1613 "J"(5) (E.D. La. 2005) (Magistrate's Report and Recommendation, Rec. Doc. 12, p. 2).

[7] *Id.*

2

documentation, and certain conditions to the terms of his parole release were improper.[8] The application was dismissed without prejudice for want of jurisdiction by Judgment entered October 28, 2005.

As of January 20, 2009, Shief served his full sentence and was released from prison.[9] As a condition of release, he was subjected to lifetime registration as a sex offender under Louisiana law.[10]  *See* La. R.S. 15:540, *et seq*.  The provision setting forth the duration and notification period, Louisiana Revised Statute 15:544, was amended by 2007 La. Acts 460 (effective January 1, 2008) to require anyone convicted of an aggravated sexual offense (defined by statute to include simple rape, La. R.S. 15:541(2)(c)) to register and give notice for a lifetime.  Act 460 also enacted Louisiana Revised Statute 15:542.1.4, which criminalizes the failure to register and provide notification as a sex offender or child predator.

On June 6, 2014, Shief filed the instant federal application for *habeas corpus* relief.[11]

---

[8] *Shief v. Orleans Probation and Parole, et al.*, Civ.  Action No. 05-1613 "J"(5) (Rec. Doc. 12).

[9] Rec. Doc. No. 1, Petition, p. 17.

[10] *Id*. at 11, 14-16.

[11] Rec. Doc. No. 1, Petition.  As noted in the State's response, the state court record shows that subsequent to filing the instant *habeas* petition, on August 18, 2014, Shief was arrested for the separate crime of failing to comply with Louisiana's sex offender registration and notification requirements.  On September 8, 2014, the State filed a bill of information charging Shief with "fail[ing] to register, periodically renew and update [his sex offender] registration, provide proof of residence or notification of change of address or other registration information, or provide community notification," in violation of Louisiana Revised Statute 15:542.1.4(A)(1). State Rec., Vol. 1, Bill of Information (9/8/14), Case No. 521-756.

Shief challenges the lawfulness of the State's action in imposing a lifetime obligation upon him to register as a sex offender. He argues that he is being held illegally in "life-time custody supervision" based on an expired sentence. He does not appear to be challenging the validity of his 1990 conviction for simple rape, the sentence imposed pursuant to that conviction, or the related revocation of his parole in 2001, but only the continuing registration requirements attendant to his conviction as a sex offender. The State argues that despite Shief's assertion of "life-time custody," the Court lacks subject matter jurisdiction because Petitioner is no longer in custody with respect to the state-court conviction and sentence at issue. Because post-sentence registration and notification requirements themselves do not constitute the "custody" necessary to invoke federal *habeas* relief, the Court finds that it has no jurisdiction over this *habeas* petition.

## II. *Discussion*

A federal district court has jurisdiction to entertain *habeas corpus* petitions only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). A petitioner must be in custody at the time the petition is filed for a federal district court to have jurisdiction over either a § 2254 or a § 2241 petition. *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.1987). Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. *Maleng*, 490 U.S. at 492.

In this case, Shief concedes that the State of Louisiana released him from custody after

4

he completed his full sentence on January 20, 2009.  At issue then is whether the State of Louisiana's continuing registration requirement places Shief "in custody" for purposes of federal *habeas corpus* review.  However, numerous courts, including the United States Fifth Circuit Court of Appeals, have found that the registration requirements for sexual offenders are insufficient to satisfy the "in custody" requirement for purposes of a federal *habeas* challenge.  *Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014) (per curiam); *see also, e.g.*, *Wilson v. Flaherty*, 689 F.3d 332, 336–39 (4th Cir.2012) (finding the sex offender registration statutes in Virginia and Texas failed to render the petitioners "in custody" for the purposes of 28 U.S.C. § 2254); *Virsnieks v. Smith*, 521 F.3d 707, 717–19 (7th Cir.2008) (noting that courts have "uniformly" rejected the argument that "registration under a sexual offender statute is cognizable in *habeas*"); *Leslie v. Randle*, 296 F.3d 518, 522–23 (6th Cir.2002) (finding Ohio's sex offender registration statute insufficient to satisfy the "in custody" requirement of 28 U.S.C. § 2254); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir.1999) (dismissing a *habeas* petition after concluding that Oregon's sex-offender statute does not place an offender "in custody" for purposes of 28 U.S.C. § 2254); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir.1999) (same with respect to California's statute); *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir.2014) (holding that ongoing registration obligations under Colorado's Sex Offender Registration Act do not satisfy the custody requirement of § 2254); *see also* Brian R. Means, *Federal Habeas Manual*, § 1:22 (2009) ("Registration pursuant to a sexual offender registration statute does not satisfy the 'custody' requirement. Nor does the future threat of incarceration for registrants who fail to comply with the registration statute."); *Emerson v. Louisiana*, Civ.

Action No. 10-1846, 2010 WL 5375984, at *2 (E.D. La. Nov. 18, 2010), *report and recommendation adopted*, 2010 WL 5376359 (E.D. La. Dec. 14, 2010) (*citing Virsnieks*, *supra*).

The Court finds ample support for the State's position that the registration and notification requirements under Louisiana law do not meet the "in custody" requirement for federal *habeas* relief. The restrictions of the Act do not establish perpetual custody of sex offenders for the purpose of allowing attacks on underlying convictions for sexual offenses long after their sentences have expired. Accordingly, the Court concludes that the instant petition should be dismissed for lack of jurisdiction.[12]

## RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's application for federal *habeas corpus* relief be **DISMISSED** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

---

[12] The Supreme Court has interpreted the "in custody" language as "requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. at 490–91 (emphasis added). As the State notes, although Shief is currently detained by state authorities on a new charge of violating the sex offender registration laws, namely Louisiana Revised Statute 15:542.1.4(A)(1), he was not arrested for that criminal offense until several months *after* he filed his *habeas* petition. He does not point to that arrest or detention as the basis for the instant *habeas* petition. Nor would such a claim be cognizable under 28 U.S.C. § 2254. Shief's incarceration based on his failure to comply with the legal registration and notification requirements as a sex offender does not serve to somehow revive his long-expired underlying sex offense conviction and sentence. *See e.g.*, *Davis v. Nassau County*, 524 F.Supp.2d 182, 190 (E.D.N.Y. Nov. 29, 2007).

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[13]

New Orleans, Louisiana, this  5th  day of           March          , 2015.

> MICHAEL B. NORTH
> UNITED STATES MAGISTRATE JUDGE

---

[13] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.